# IN THE UNITED STATES DISTRICT
## FOR THE WESTERN DISTRICT OF MISSOURI

DANIELLE PETERSON

        **Plaintiff,**

**v.**

**JACOB RIEGER & COMPANY, LLC,**

**Serve Registered Agent:**
**Andy Rieger**
**2700 Guinotte Avenue**
**Kansas City, Missouri 64120**

        **Defendant.**

Case No.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Danielle Peterson ("Plaintiff"), on behalf of herself and as putative representative of a Collective and a Class of persons similarly situated, for her Complaint against Defendant Jacob Rieger & Company, LLC ("Defendant"), hereby states and alleges as follows:

## NATURE OF THE ACTION

1. Defendant is a distillery, entertainment and restaurant complex located in Kansas City's West Bottoms that employs dozens of individuals to work in its food and beverage service areas at any given time. Defendant, as a policy and practice, retains tips received by its employees in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (hereinafter "FLSA"), as well as Missouri state law.

2. Plaintiff worked for Defendant as a server. This lawsuit is brought on behalf of herself, and similarly situated employees, under the FLSA and Missouri state law to recover unpaid wages and related penalties and damages owed to Defendant's employees.

## PARTIES

3. Plaintiff Danielle Peterson ("Plaintiff") is over age 18 and an adult resident of Jackson County, Missouri. Plaintiff was formerly employed by Defendant in Jackson County, Missouri. Plaintiff Peterson's Consent to Join Form is attached hereto as **Exhibit 1**.

4. Defendant Jacob Rieger & Company, LLC ("Defendant"), doing business as "J. Rieger & Co." is a Missouri limited liability company (Charter No. LC1316484) with its principal office at 2700 Guinotte Avenue, Kansas City, Missouri. Defendant can be served through its registered agent: Andy Rieger, 2700 Guinotte Avenue, Kansas City, Missouri 64120.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. This Court has jurisdiction over the Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because the state law claim against the Defendant is so related to the FLSA claim that it forms part of the same case or controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## ALLEGATIONS OF FACT

8. Defendant is a distillery, entertainment and restaurant complex located in Kansas City's West Bottoms area. Defendant provides a "Distillery Visitor Experience," which includes a distillery tour, tasting room, and several eating and drinking establishments which are called the Monogram Lounge, The Hey! Hey! Club, the Tasting Room, and Electric Park Garden Bar, all as part of a single complex.

2

9. Defendant employs dozens of individuals to work in its food and beverage service areas at any given time.

10. Plaintiff was employed by Defendant as a server during the months of October and November 2022.

11. Plaintiff and other similarly situated employees, including servers and bartenders, were paid on an hourly rate plus tips.

12. The FLSA provides, in pertinent part, that: "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." *See* 29 U.S.C. § 203(m)(2)(B).

13. Employees, like Plaintiff, who received tips were required to give those tips to Defendant.

14. Defendant kept a portion of all tips received by its tipped employees for the purpose of using them to supplement the wages of supervisors, managers, and non-tipped employees such as line cooks and dishwashers.

15. Defendant also kept all tips received by its employees while employed as "trainees" for the purpose of using them to pay other employees.

16. Specifically, Defendant utilizes a 5-tiered system where it distributes a percentage of each tipped employee's tips to managers, supervisors, and non-tipped employees such as line cooks and dishwashers. In addition, employees employed as "trainees" were required to pay into this tip pool, but did not receive tips from it.

17. This practice directly violates the statute in two ways: (1) it violates the prohibition of an employer retaining employee tips "for any purposes," and (2) it violates the prohibition of

3

an employer "allowing managers or supervisors to keep any portion of employees' tips." *See* 29 U.S.C. § 203(m)(2)(B).

18. Defendant's policy and practice of retaining tips also unjustly enriched the Defendant by saving Defendant money in payroll costs, increasing profits, and undercutting competitors, at the expense of Defendant's tipped employees.

19. The FLSA creates a private right of action to recover damages for violations of these provisions, which provides that

"[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of … all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."

20. This lawsuit is brought as a collective action under the Fair Labor Standards Act and as a class action under Missouri state law to recover unpaid tips and wages owed to Plaintiff and all other similarly situated workers employed by Defendant.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

21. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons within the definition below:

All servers, server trainees, bartenders, and bartender trainees who were employed by Defendant for the three-year period preceding the filing date of this lawsuit.

22. Plaintiff seeks relief in Count I on a collective basis for Defendant's violations of the FLSA, 29 U.S.C. § 203(m)(2)(B). The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

23. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of retaining employees' tips.

4

24. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential members of the Collective may easily and quickly be notified of the pendency of this action.

25. Plaintiff brings Count II for unjust enrichment as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of herself and as representative of the following Class:

> All servers, server trainees, bartenders, and bartender trainees who were employed by Defendant for the five-year period preceding the filing date of this lawsuit.

26. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out.

27. Plaintiff is a member of both the proposed Class and Collective.

28. The Class Members are so numerous that individual joinder of all members is impractical. The exact number of Class Members is unknown to Plaintiff at this time but is estimated to exceed hundreds of current and former employees. Each of the particular members of the Class are, however, ascertainable and readily identifiable using objective criteria from the information and records in the possession or control of Defendant. Defendant is required to maintain these records pursuant to both state and federal law.

29. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class, and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are identical and premised upon an unlawful course of conduct perpetrated by Defendant. The only difference between the Class Members' claims is the exact monetary amount to which each member of the Class is entitled. That amount is formulaic and consists of the sum of the tips owed to each of the Class Members that were wrongfully retained by Defendant in violation of the FLSA and Missouri state law.

5

30. The principal common issues may include, but are certainly not limited to, the following:

    a. Whether Defendant's tip pool system includes supervisors and managers that receive tips or a percentage share of the tip pool;

    b. Whether Defendant kept a portion or all of employees' tips for the purpose of supplementing the wages of supervisors, managers, or non-tipped employees such as line cooks and dishwashers;

    c. Whether Defendant knew or had reason to know its policies and compensation practices were unlawful;

    d. Whether Defendant retained a benefit from such unlawful compensation policies and practices; and

    e. The nature and extent of all tips, liquidated damages and other penalties owed to Plaintiff and the Class.

31. Plaintiff's claims are typical of those of the Class Members and are based on the same legal and factual theories. Plaintiff does not have any interests that are adverse to the Class Members or any conflicts of interest, material or otherwise, with the Class Members.

32. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has suffered economic injury in her own capacity from the practices complained of and is ready, willing and able to serve as class representative.

33. Moreover, the undersigned counsel is experienced in handling collective actions and class actions, and actions involving unpaid wages under the FLSA and violations of Missouri law. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action.

6

34. Certification of the Class under Federal Rule 23(b)(3) as defined above is appropriate in that Plaintiff and the Class Members seek monetary damages, common questions predominate over any individual questions, there will be no difficulty in the management of this litigation as a class action, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy.

35. A plaintiff's class action will cause an orderly and expeditious administration of Class Members' claims and economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured. Moreover, the individual Class Members are likely to be unaware of their rights and not in a position (either through experience or financially) to commence individual litigation against the likes of Defendant.

## CLAIMS FOR RELIEF

### COUNT I
**Violation of the Fair Labor Standards Act of 1938**
**On Behalf of Plaintiff and the Collective against Defendant**

36. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

37. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et. seq.*

38. Defendant is the "employer" of the Plaintiff and the Collective as defined by 29 U.S.C. § 203(d).

39. At all times relevant herein, Defendant had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

40. The FLSA prohibits an employer from keeping tips received by its employees for any purpose. 29 U.S.C. § 203(m)(2)(B).

7

41. Defendant was, and is, subject to the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

42. Defendant violated the FLSA at 29 U.S.C. § 203(m)(2)(B) by retaining tips earned by Plaintiff and similarly situated employees, and by failing to compensate Plaintiff, and similarly situated employees, for all tips received.

43. Plaintiff and all similarly situated employees are victims of a uniform compensation/tip pooling policy and practice. This uniform policy and practice, in violation of the FLSA, has been applied to Plaintiff and all similarly situated employees.

44. Defendant's violations of the FLSA are continuing in nature.

45. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA given the clarity of the law and regulations.

46. Plaintiffs and all similarly situated employees are entitled to the amount of the sum of all tips unlawfully kept by the Defendant, and in an additional equal amount as liquidated damages for the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, and/or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

47. Alternatively, should the Court find Defendant did not act willfully, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforesaid willful violations of the FLSA, Defendant is liable to Plaintiff and the members of the Collective pursuant to 29 U.S.C. § 216(b) for the sum of all tips

8

unlawfully kept by the Defendant, together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff, on behalf of herself and other similarly situated employees, demands judgment against Defendant and prays for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**<u>COUNT II</u>**
**Unjust Enrichment/Quantum Meruit**
**On Behalf of Plaintiff and the Putative Class against Defendant**

49.     Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

50.     Plaintiff and the Class Members conferred a benefit upon Defendant in that Defendant kept a portion of all tips received by its employees for the purpose of using them to supplement the wages of supervisors, managers, and non-tipped employees such as line cooks and dishwashers.

51.     Plaintiff and the Class Members also conferred a benefit upon Defendant in that Defendant kept all tips received by its employees while employed as "trainees" for the purpose of using them to pay other employees.

52.     Defendant's policy and practice of retaining tips unjustly enriched the Defendant by saving Defendant money in payroll costs, increasing profits, and undercutting competitors, at the expense of Defendant's tipped employees.

53.     Defendant had knowledge that it retained employee tips and had knowledge of the benefit conferred by Plaintiff and the Class Members on Defendant as a result. Defendant knew or

9

should have known that it was not permitted to retain employee tips. Such wrongful conduct demonstrates bad faith on the part of Defendant.

54. Defendant accepted and retained the benefits and tips under such circumstances as to make it inequitable for Defendant to retain the tips that it, including its supervisors and managers, received.

WHEREFORE, Plaintiff, on behalf of herself and other similarly situated employees, demands judgment against Defendant and prays for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

Dated: January 26, 2023

Respectfully Submitted,

HODES LAW FIRM, LLC

*By:* _____
Garrett M. Hodes - Mo. Bar. #50221
6 Victory Lane, Suite 6
Liberty, Missouri 64068
(816) 222-4338 (Phone)
(816) 931-1718 (Fax)
garrett@hodeslawfirm.com

and

CRIMMINS LAW FIRM, LLC

Matthew R. Crimmins - Mo. Bar. #53138
Virginia Stevens Crimmins - Mo. Bar. #53139
214 S. Spring Street
Independence, Missouri 64050
(816) 974-7220 (Phone)
(855) 974-7020 (Fax)
m.crimmins@crimminslawfirm.com
v.crimmins@crimminslawfirm.com

**ATTORNEYS FOR PLAINTIFF AND THE
PUTATIVE COLLECTIVE AND CLASS**

11

# EXHIBIT 1

## CONSENT TO BECOME A PARTY PLAINTIFF

### Fair Labor Standards Act of 1938, 29 U S C § 216(b)

I hereby consent to be a party plaintiff seeking unpaid wages, including tips, against Jacob Rieger & Co., LLC, and any related entities in this or any other subsequent action. For purposes of pursuing my unpaid wage and tips claims against Jacob Rieger & Co., LLC, and any others, I choose to be represented by the Hodes Law Firm, LLC, the Crimmins Law Firm, LLC and any other attorneys with whom they may associate.

Danielle peterson (Jan 26, 2023 11:41 CST)                                                    Jan 26, 2023

Printed Name:  Danielle Peterson

1