**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

DANIELLE PETERSON,

      Plaintiff,

v.

JACOB RIEGER AND COMPANY, LLC,

      Defendant.

Case No. 4:23-cv-00057-RK

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Jacob Rieger & Company, LLC ("Defendant" or "Rieger"), by the undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### INTRODUCTION

1. Paragraph 1 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 1.

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 2.

### PARTIES

3. Responding to Paragraph 3, Defendant admits that Plaintiff is an adult and was previously employed by Rieger in Jackson County, Missouri. Defendant is without sufficient knowledge or information to assess the remaining allegations in Paragraph 3, and therefore denies the allegations.

4. Paragraph 4 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 4.

90569783.1

**JURISDICTION AND VENUE**

5. Paragraph 5 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 5.

6. Paragraph 6 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 6.

7. Paragraph 7 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 7.

**ALLEGATIONS OF FACT**

8. Responding to Paragraph 8, Defendant admits the allegations.

9. Responding to Paragraph 9, Defendant denies the allegations as written. Rieger employs dozens of individuals.

10. Responding to Paragraph 10, Defendant denies the allegations as written. Defendant employed Plaintiff from October 18, 2022, to November 23, 2022, in the training program and as a server.

11. Paragraph 11 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 11.

12. Paragraph 12 contains a legal conclusion to which no response is required. To the extent that a response is required, the Federal Labor Standards Act ("FLSA") speaks for itself.

13. Responding to Paragraph 13, Defendant denies the allegations as written.

14. Responding to Paragraph 14, Defendant admits that line cooks and dishwashers received shares of the tip pool. Defendant denies the remaining allegations as written.

15. Responding to Paragraph 15, Defendant denies the allegations.

2

16. Responding to Paragraph 16, Defendant admits that line cooks and dishwashers received shares of the tip pool. Defendant denies the remaining allegations as written.

17. Paragraph 17 contains a legal conclusion to which no response is required. To the extent that a response is required, the Federal Labor Standards Act ("FLSA") speaks for itself.

18. Paragraph 18 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 18.

19. Paragraph 19 contains a legal conclusion to which no response is required. To the extent that a response is required, the Federal Labor Standards Act ("FLSA") speaks for itself.

20. Paragraph 20 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 20.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

21. Paragraph 21 contains a legal conclusion to which no response is required. To the extent that a response is required, the FLSA speaks for itself.

22. Paragraph 22 contains a legal conclusion to which no response is required. To the extent that a response is required, the Federal Labor Standards Act ("FLSA") speaks for itself.

23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 23.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 24.

25. Paragraph 25 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 25.

26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 26.

27. Paragraph 27 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 27.

28. Paragraph 28 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 28.

29. Paragraph 29 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 29.

30. Paragraph 30 and subparts a-e contain a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 30 and subparts a-e.

31. Paragraph 31 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 31.

32. Paragraph 32 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 32.

33. Paragraph 33 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to assess the veracity of the allegations in Paragraph 33, and therefore denies the allegations.

34. Paragraph 34 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 34.

35. Paragraph 35 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 35.

4

**CLAIMS FOR RELIEF**

**COUNT I**

**Violation of the Fair Labor Standards Act of 1938**
**On Behalf of Plaintiff and the Collective against Defendant**

36. Responding to Paragraph 36, Defendant incorporates by reference all statements and answers in every other Paragraph set forth in this Answer, as though stated fully herein.

37. Paragraph 37 contains a legal conclusion to which no response is required. To the extent that a response is required, the FLSA speaks for itself.

38. Paragraph 38 contains a legal conclusion to which no response is required. To the extent that a response is required, the FLSA speaks for itself.

39. Responding to Paragraph 39, "[a]t all times relevant" is vague and ambiguous. To the extent that a response is required, Defendant admits the allegation.

40. Paragraph 40 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 40.

41. Responding to Paragraph 41, Defendant admits the allegation.

42. Paragraph 42 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 42.

43. Paragraph 43 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 43.

44. Paragraph 44 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 44.

45. Paragraph 45 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 45.

5

46. Paragraph 46 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 46.

47. Paragraph 47 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 47.

48. Paragraph 48 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 48.

In response to Plaintiff's unnumbered "WHEREFORE" Paragraph following "Count I," Defendant admits that Plaintiff seeks damages and other relief, but denies that Plaintiff is entitled to any damages or any relief whatsoever.

## COUNT II

### Unjust Enrichment/Quantum Meruit
### On Behalf of Plaintiff and the Putative Class against Defendant

49. Responding to Paragraph 49, Defendant incorporates by reference all statements and answers in every other Paragraph set forth in this Answer, as though stated fully herein.

50. Paragraph 50 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 50.

51. Paragraph 51 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 51.

52. Paragraph 52 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 52.

53. Paragraph 53 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 53.

54. Paragraph 54 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 54.

In response to Plaintiff's unnumbered "WHEREFORE" Paragraph following "Count II," Defendant admits that Plaintiff seeks damages and other relief, but denies that Plaintiff is entitled to any damages or any relief whatsoever.

## GENERAL DENIAL

Defendant denies each and every allegation, count, claim, subpart, and prayer for relief contained in Plaintiff's Complaint unless specifically admitted herein, including the relief requested in any prayer for relief included in unnumbered Paragraphs.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant's affirmative and additional defenses are set forth below. By stating a defense, Defendant does not thereby assume the burden of proof on that defense except to the extent that applicable law requires Defendant to plead and prove the defense in order to avail itself of the defense. Defendant reserves its right to amend its Answer and to add or delete any additional defenses as investigation, discovery, or circumstances warrant.

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted because Plaintiff has not alleged sufficient facts supporting essential elements of her claims.

2.     Plaintiff cannot support the essential elements of her claims.

3.     The allegations in Plaintiff's Complaint did not occur as alleged by Plaintiff.

4.     Plaintiff's Complaint and each and all claims contained herein (including claims for attorney's fees) are barred, in whole or in part, to the extent that Plaintiff lacks standing, cannot sufficiently represent the interests of the putative collective action members, has not suffered harm, and/or will not suffer any imminent and irreparable harm as a result of any alleged actions or conduct by Defendant.

7

5.      Plaintiff's claims are barred, in whole or in part, by the accord and satisfaction doctrine and/or payment.

6.      Plaintiff's claims are barred by the doctrine of estoppel, unclean hands, waiver, and/or laches.

7.      Plaintiff has failed to comply with all statutory, jurisdictional, and procedural requirements.

8.      If Plaintiff recovers a judgment against Defendant, which she should not, the judgment amount should be reduced to account for payments made by Defendant for hours during which the employee was not working/other pay to which the employee was not entitled under the FLSA or applicable state law. Moreover, Defendant is entitled to a set off if additional investigation uncovers wrongful conduct and money owed to Defendant.

9.      Defendant avers that a class/collective action is inappropriate: Plaintiff is not similarly situated to the putative collective individuals whom she purports to represent; the putative class does not meet numerosity requirements under Federal Rules of Civil Procedure 23; there are no questions of law or fact common to the class's Plaintiff's claims are not typical of claims asserted by putative class members; Plaintiff is not an adequate representative of the proposed class; individual issues of liability/damages predominate over any issues common to the putative class; and the proposed class cannot be certified as pleaded.

10.     The certification of this case as a collective action would violate due process and the Federal Rules of Civil Procedure.

11.     Defendant denies that Plaintiff suffered any damages. If it is subsequently determined that Plaintiff suffered damages and that Defendant is liable, Plaintiff's claims are barred or reduced by her failure to mitigate her damages.

12. Any damages suffered by Plaintiff, which Defendant denies, are the result of the acts or omissions of Plaintiff or others, over whom Defendant had no control and for whom Defendant has no responsibility.

13. Plaintiffs' alleged damages, to the extent they exist, are speculative and uncertain, and therefore, not compensable.

## PRAYER FOR RELIEF

Defendant respectfully prays for a final judgment in its favor which: (1) dismisses with prejudice all claims asserted by Plaintiff against Defendant; (2) declares Defendant to be the prevailing party on each and every dismissed claim; (3) denies Plaintiff the judgment and relief requested in her Complaint; and (4) grants Defendant reasonable attorney fees.

/s/ Alan L. Rupe
Alan L. Rupe, MO # 56013
Christal M. Wang, MO # 72184
LEWIS BRISBOIS BISGAARD & SMITH LLP
4600 Madison Ave, Suite 700
Kansas City, MO 64112
Telephone: (816) 299-4244
Facsimile: (816) 299-4245
alan.rupe@lewisbrisbois.com
christal.wang@lewisbrisbois.com

*Attorneys for Defendant*
*Jacob Rieger & Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, I filed the above Answer to Plaintiff's Complaint using the court's electronic filing system which sent electronic notice to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe

9