# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DANIELLE PETERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cv-00057-RK ) |
| JACOB RIEGER & COMPANY, LLC, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is a Stipulation of Conditional Certification of FLSA Collective Action and Motion to Stay (Doc. 63) filed by Plaintiff Danielle Peterson and Defendant Jacob Rieger & Company, LLC. For the reasons below, the Court (1) conditionally certifies the above-proposed FLSA collective action class, (2) approves the proposed Notice and ADR plan, and (3) stays the deadlines in this matter until 14 days after the Parties' mediation, except that Plaintiff may file any consent to join forms for individuals wishing to join the case.

### I. Background

Plaintiff filed this lawsuit on January 26, 2023. In addition to alleging claims under Missouri law, Plaintiff has also alleged that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and has proposed to assert these collective action claims on behalf of servers, server trainees, bartenders and bartender trainees. (Doc. 1.) The proposed Collective Action is defined as follows:

> All servers, server trainees, bartenders, and bartender trainees who were employed by Defendant for the three-year period from June 14, 2020 to the present. ("FLSA Collective").

### II. Fair Labor Standards Act Collective

The FLSA provides, in pertinent part, that: "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." *See* 29 U.S.C. § 203(m)(2)(B). Additionally, it provides a private right of action to recover damages for violations of these provisions:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken

by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). An action may be brought by an employee for himself or herself and on behalf of "other employees similarly situated." *Id.* In an FLSA collective action, plaintiffs must opt-in to participate. *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1228-29 (W.D. Mo. 2007).

An FLSA case may only be conditionally certified as a collective action if the members of the collective are "similarly situated." *Kautsch v. Premier Communs.*, 504 F. Supp. 2d 685, 688 (W.D. Mo. Jan. 23, 2007). "The plaintiff bears the burden of establishing he or she is similarly situated to other members of the proposed class." *Taylor v. Bear Communs.*, LLC, No. 4:12-CV-01261-BCW, 2013 WL 3270971, at *2 (W.D. Mo. June 27, 2013) (citation omitted). The FLSA does not define the term "similarly situated," and federal courts have applied varying standards to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b). *Kautsch*, 504 F. Supp. 2d at 688-89. Although the Eighth Circuit has not articulated a standard for conditionally certifying FLSA classes, the majority of the district courts in the Eighth Circuit use a two-step process. *Id.* (collecting cases); *see also Taylor*, 2013 WL 3270971, at *2 (collecting cases). Under the two-step process, during the first stage, plaintiffs move for class certification for the limited purpose of providing notice to putative class members. *Kautsch*, 504 F. Supp. 2d at 688. During this stage, the "similarly situated" threshold requires only a "modest factual showing." *Id.* at 689 (quoting *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) and citing *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)).

Courts do not evaluate the merits of the plaintiff's claim at this early stage. *Nyachira v. New Prime, Inc.*, No. 21-03211-CV-S-BP, 2022 WL 19263987, at *2 (W.D. Mo. Oct. 31, 2022). Instead, plaintiff "need only establish a colorable basis for the plaintiff's allegation that there were others who are similarly situated; that is, that the putative class members were together the victims of a single[] decision, policy or plan." *Id.* (citations and quotation marks omitted). This lenient standard typically results in conditional certification. *Kautsch*, 504 F. Supp. 2d at 688.

If the court allows conditional certification of a class, putative class members are given notice and the opportunity to "opt-in," and the action proceeds as a collective action throughout discovery. *Astarita v. Menard, Inc.*, No. 5:17-CV-06151-RK, 2018 WL 7048693, at *2 (W.D. Mo. Dec. 7, 2018) (cleaned up). "At the second step of the process, the defendant may move to

decertify the class . . . which generally occurs after discovery is complete when the parties and the court have more information. *Id.* (citations and quotation marks omitted).

**III.    The Parties' Stipulation**

Here, Plaintiff alleges that Defendant violated the FLSA with respect to Plaintiff and the FLSA Collective by unjustly retaining tips, including through distributing tips to managers, supervisors, and non-tipped employees, such as line cooks and dishwashers. Defendant expressly denies all of Plaintiff's allegations in this action, denies that it has committed any wrongdoing whatsoever, and denies that any putative class or collective is entitled to conditional or final certification as a matter of law. However, to facilitate the parties' ongoing settlement discussions and to promote efficiency and conserve resources, the parties have agreed to stipulate to the Court's entry of an order conditionally certifying the above FLSA Collective.

This Stipulation, and the decision by Defendant not to oppose the conditional certification of the FLSA Collective, does not constitute an admission that Defendant is liable in any way under the FLSA in regard to Plaintiff or any prospective members of the FLSA Collective. Further, Defendant does not admit that members of the FLSA Collective are similarly situated, does not waive any rights to move to decertify the FLSA Collective, and does not waive any rights to oppose any motion seeking final certification of the FLSA Collective. Finally, Defendant's consent to this stipulation is without prejudice to any and all arguments Defendant may make in opposition to any motion for certification of any class or subclass under Federal Rule of Civil Procedure 23.

The Parties further agree to the following notice plan in connection with this stipulation:

(1) Within 14 days of the Court's Order, the Parties shall submit an agreed upon Notice of Collective Action ("Notice") and Consent to Join Form and Reminder Form to the Court. In the event the Parties cannot reach an agreement on the terms of this proposed Notice and/or Reminder Form, the parties shall submit their respective versions, and the Court shall resolve any and all disputes regarding the proposed communications to the FLSA Collective.

(2) Within 10 business days of the Court's Order approving the proposed Notice/Consent to Join Form and Reminder Form, Defendant shall confidentially provide to

Plaintiff's counsel and a mutually-agreed-upon third-party administrator (who will report to Plaintiff counsel and be paid by Defendant) a computer-readable data file ("File") (e.g., Excel) containing the names, job titles, last known mailing addresses, email addresses and telephone numbers of all persons within the FLSA Collective. The third-party administrator shall not be permitted to use, disclose, or retain the information contained in the File for any purposes besides serving the Notice and/or Reminder Form on members of the FLSA Collective. Likewise, Plaintiff's counsel shall not be permitted to use, disclose, or retain the information contained in the File for any purposes besides responding to any questions received from members of the FLSA Collective in response to receiving the Notice and/or Reminder Form. For the avoidance of ambiguity, purposes for which Plaintiff's counsel shall not be permitted to use the information contained in the File shall include, but shall not be limited to, sending unsolicited communications to any members of the FLSA Collective and sending unsolicited communications to any members of the FLSA Collective that are not related to the Notice and/or the Reminder Form. Plaintiff's counsel is permitted to use the information contained in the File to respond to any inquiries received from members of the FLSA Collective and further is permitted to use the information contained in the File for all purposes for any member of the FLSA Collective who elects to opt-in or files a Consent to Join Form.

(3) The third-party administrator will email the proposed Notice to all persons identified in Defendant's list within 10 business days of the receipt of the list. For all members of the FLSA Collective for whom emails come back as undeliverable, the Notice will then be sent by first-class mail with an addressed, postage pre-paid envelope included. Additionally, the Notice would be sent by first-class mail to any all members of the FLSA Collective who request to receive the Notice by mail and would be sent by email to new/updated email addresses upon request. If mail is returned as undeliverable, the third-party administrator will use skip tracing to try and follow-up and send the Notice to updated addresses.

(4) Individuals shall have sixty (60) days from the date on which the Notice is sent in which to postmark or return their Consent to Join Form. This sixty-day period is the "Opt-In Period," and the last day of this period is the "Opt-In Deadline." Individuals shall be permitted to submit their Consent to Join Form by electronic submission/online form, email, fax or mail and electronic signatures will be accepted. The parties agree that a process will be put in place to

safeguard the electronic submissions (e.g., an audit trail on the electronic signatures). The specifics of this process will be part of the parties' joint submission as to the form of the notice in section (1), above.

(5) Thirty (30) days after the Notice has been sent to the FLSA Collective, the third-party administrator may send one Reminder Form by the same method in which the Notice was sent to any individuals who have not yet returned Consent to Join Forms.

(6) Defendant shall pay the costs associated with the use of the third-party administrator to serve the Notice and Reminder Form.

(7) Following the close of the Opt-In Period, the parties agree to resume settlement discussions on behalf of the class of persons who have opted-in to the lawsuit.

The parties further stipulate to the following alternative dispute resolution plan:

(1) Within 14 days of the Court's Order conditionally certifying the FLSA Collective, the parties shall file a Designation of Mediator confirming their agreement to attend a mediation conducted by John Phillips with Jay Daugherty Mediation, for the purpose of attempting to resolve any claims possessed the class of persons who have opted-in to the lawsuit.

(2) The parties further agree that a mediation shall be held within 60-days following the Opt-In Deadline and will make all efforts to conduct the mediation as soon as practicable following the Opt-In Deadline.

(3) The parties agree to work with the mediator and exchange mediation statements and damage calculations for the class of persons who have opted-in to the lawsuit at least 14 days before the mediation.

(4) The parties also agree, prior to the mediation, to engage in an informal exchange of information which would facilitate settlement discussions, including informal discussions focused on clarifying/resolving discrepancies, miscalculations, or misunderstanding of the numbers contained in the damage calculations and/or the exchange of additional factual information needed to reach a resolution.

(5) The parties also agree that at least 7 days before the mediation, they will participate in a pre-mediation telephone conference for the purpose of clarifying/resolving discrepancies, miscalculations, or misunderstanding of the numbers contained in the damage calculations, if any.

(6) Within 14 days following the mediation, the parties shall advise the Court on the status of settlement discussions, and in the event a settlement has not been reached, submit a revised proposed scheduling order, including dates for class action certification briefing.

To facilitate the above Notice and ADR plan, the parties request that all other case deadlines in this matter be stayed until 14 days following the mediation, except that Plaintiff may file any Consent to Join Forms for individuals wishing to join the case.

## IV. Conclusion

Accordingly, and after careful consideration, the Court (1) conditionally certifies the above-proposed FLSA collective action class, (2) approves the proposed Notice and ADR plan as set out above, and (3) stays the deadlines in this matter until 14 days after the Parties' mediation, except that Plaintiff may file any Consent to Join Forms for individuals wishing to join the case.

**IT IS SO ORDERED.**

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: April 1, 2024

6

Case 4:23-cv-00057-RK   Document 64   Filed 04/01/24   Page 6 of 6