IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DANIELLE PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00057-RK |
| | ) |
| JACOB RIEGER & COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is an action brough under the Fair Labor Standards Act ("FLSA"). Before the Court is Plaintiff Danielle Peterson's unopposed "Motion for Approval of Settlement." (Doc. 89.) For the reasons set forth below, the motion is **GRANTED**, the Settlement Agreement is **APPROVED**, and this case is **DISMISSED with prejudice**.

## Background

Plaintiff brought this lawsuit against Defendant Jacob Rieger & Co. for alleged violations of the FLSA. Plaintiff seeks relief on behalf of herself and a putative collective action consisting of all servers, server trainees, bartenders, and bartender trainees employed by Defendant from June 14, 2020, to the present. The Court conditionally certified this FLSA collective action on April 1, 2024. (Doc. 64.)[1] Since notice went out to the conditional FLSA class members, 43 individuals have submitted consent-to-join forms. On October 22, 2024, the parties mediated the case, and the matter resolved at mediation as to the 43 opt-in plaintiffs and Plaintiff Peterson.

The principal terms of the settlement agreement are as follows:

1. The settlement creates and makes available a fund of $130,000 to settle the claims of the named Plaintiff and the 43 class members who have opted in to the putative collective action;

---

[1] The parties do not challenge the conditional certification for purposes of settlement, nor does the Court note any new information which would change its prior determination. Conditional certification is sufficient at the settlement stage. *See Johnson v. Himagine Sols., Inc.*, No. 4:20-cv-00574-SPM, 2021 WL 2634669, at *7 (E.D. Mo. June 25, 2021) (conditionally certifying FLSA collective action and approving settlement); *Fearn v. Blazin' Beier Ranch, Inc.*, No. 11-743-DSD/TNL, 2012 U.S. Dist. LEXIS 19934, at *22-23 (D. Minn. Jan. 30, 2012) (same), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 18706 (D. Minn. Feb. 15, 2012); *Carreno v. Evergreen Packaging, LLC*, No. 4:20-cv-01502-ERE, 2022 U.S. Dist. LEXIS 14334, at *1-2 (E.D. Ark. Jan. 26, 2022) (same).

2. Notices will be provided to the class members after approval of the settlement and provide a right to opt-out of the settlement within 30 days;

3. Unnamed settling plaintiffs will only release the federal and state wage and hour claims arising out of their employment with Defendant as a server, server trainee, bartender and/or bartender trainee;

4. Each settling plaintiff will be entitled to a minimum allocation of $300, in addition to a share of the remaining fund which will be determined proportionally based on an equation which considers weeks worked during the class period;

5. The final allocation to each settling plaintiff will be recalculated after the opt-out period, with any opt-out plaintiff funds being reallocated to class members who did not opt out based on the same calculation used in the initial distribution;

6. Danielle Peterson will receive a service award of $5,000 in exchange for a general release of all claims;

7. Non-claimed funds will be delivered to the Missouri unclaimed property fund;

8. Defendant will handle settlement administration fees, if any; and

9. Attorney fees, expenses, and costs were separately negotiated and agreed upon.[2]

(Doc. 90 at 6-8.)

## Discussion

To approve an FLSA settlement under 29 U.S.C. § 216(b), a court must find that: (1) the litigation involves a bona fide dispute over FLSA provisions; and (2) the proposed settlement is fair and reasonable.[3] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Cooper v. Integrity Home Care, Inc.*, No. 4:16-cv-01293-DGK, 2018 WL 3468372, at *2 (W.D. Mo. July 18, 2018) (requiring that "the litigation involves a bona fide wage and hour dispute").

The Court finds that this case involves a bona fide wage and hour dispute. According to Plaintiff, Defendant retained tips received by its employees in violation of 29 U.S.C. § 203(m)(2)(B). (Doc. 1 at 3.) Defendant denied the factual allegations and raised numerous

---

[2] *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (holding judicial review of FLSA settlements does not extend to review of attorney fees separately negotiated). Pursuant to *Barbee*, the Court will not review the agreement as to attorney fees.

[3] Whether judicial approval is *required* for the settlement of all FLSA collective actions is undecided in the Eighth Circuit. *See Vines v. Welspun Pipes, Inc.*, 9 F.4th 849, 854 n.1 (8th Cir. 2021) (leaving "the question of whether judicial approval is required for all FLSA settlements for another day"); *Barbee*, 927 F.3d at 1026-27 (8th Cir. 2019) (recognizing circuit spit and declining to take a position). Because the parties seek judicial approval of the proposed FLSA settlement, the Court proceeds accordingly.

2

defenses in response, which could bar Plaintiff's claims in whole or part. (*See generally* Doc. 7.) A bona fide dispute exists between the parties with regard to facts and liability, and had the parties not reached a settlement, both sides anticipated additional disputes and motion practice. (Doc. 90 at 9.)

To determine whether an FLSA collective action settlement is fair and reasonable, courts generally look to the same factors to approve class action settlements under Rule 23, including, but not limited to: (1) the stage of settlement in the litigation and the complexity, expense, and duration of subsequent litigation; (2) whether the settlement negotiations were arms-length or if there is any indicia of collusion; (3) the opinions of class counsel, parties, and class members regarding the settlement; and (4) whether the value of settlement outweighs potential recovery at the conclusion of litigation. *Stewart v. USA Tank Sales & Erection Co.*, No. 12-05136-CV-SW-DGK, 2014 WL 836212, at *2 (W.D. Mo. Mar. 4, 2014).

As to the first factor, the parties reached this settlement after two years of litigation during which time the parties conducted discovery, the Court conditionally certified the proposed FLSA collective action, (Doc. 64), and the parties engaged in three mediations, (Doc. 90-1 at ¶¶ 4, 6). The parties have had time to exchange information to evaluate the strength of their claims and defenses. *See White v. Northstar Media, Inc.*, No. 21-cv-2770, 2022 WL 3122925, at *3 (D. Minn. July 25, 2022) (finding that even settlements "occurring before the commencement of formal discovery may be fair where the parties have exchanged sufficient information to evaluate their claims"). While this case has been proceeding for two years already, the parties anticipate subsequent litigation would include additional discovery, motions for summary judgment, a motion to decertify the conditional collective action, a jury trial, and potential appeals. Therefore, the parties and Court will still conserve substantial resources by avoiding additional litigation in this case. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing policy of encouraging settlement in FLSA litigation). Therefore, based on the information before it,[4] the Court finds that the first factor favors approval.

As to the second factor, the Court finds that the settlement agreement was reached through arms-length negotiations, and that there are no indicia of collusion. The settlement agreement comes after three mediations and months of additional negotiations with the assistance of the

---

[4] Because Defendant has consented to the motion, the Court lacks the benefit of adversarial briefing.

3

mediator. (Doc. 90-1 at ¶¶ 4, 6-9.) *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (relying on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness). Attorney fees were separately negotiated. (*Id.* at ¶ 8.) Finally, there are no indicia of collusion—such as a reversionary provision. *See Vinsant v. MyExperian, Inc.*, No. 2:18-cv-2056-PKH, 2019 WL 2518143, at *3 (W.D. Ark. June 18, 2019) ("Reversion provisions are repugnant to the FLSA."). Rather than a reversionary provision—where any unclaimed funds would return to the defendant—this settlement agreement states that preliminary settlement shares of plaintiffs who opt out will be redistributed to the remaining opt-in plaintiffs, and any non-claimed funds will be remitted to the Missouri unclaimed property fund. Therefore, the Court finds that the second factor favors approval.

As to the third element, Plaintiffs' counsel believes the settlement is fair, reasonable, and adequate. (Doc. 90-1 at ¶¶ 13-16.) "Although the Court is not bound by counsel's opinion, their opinion nevertheless is entitled to great weight." *In re BankAmerica Sec. Litig.*, 210 F.R.D. 694, 702 (E.D. Mo. 2002). Named Plaintiff Peterson was an active participant in the settlement negotiations. (Doc. 90-1 at ¶ 17.) The parties have not provided information regarding class members' opinions about the settlement, but all class members will have another opportunity to opt out of the settlement if they choose to do so. In light of this, and Plaintiffs' counsel's representation, the Court finds that the third factor favors approval.

Finally, the settlement awards are substantial and proportional based on the time each class member worked for Defendant. Preliminary recovery amounts range from $417.68 up to $11,989.96 for the longest-tenured employees, with the potential to increase if any plaintiffs opt out of the settlement. The total settlement fund—$130,000—is substantial, particularly in light of the uncertainty of proceeding through the litigation process. Additionally, the unnamed plaintiffs are only releasing the wage and hour claims which could have been brought in this case, which further establishes the reasonableness of the settlement. *See Hernandez Ramirez v. AA BC Bakery Café Corp.*, No. 21-cv-458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022) (finding release clause fair and reasonable where defendants were "only released from liability for claims that were, or could have been raised in this action").

The Court also finds that the $5,000 service award to Plaintiff Peterson is reasonable. *See Martin v. Safe Haven Sec. Servs.*, No. 19-cv-00063-ODS, 2020 WL 4816418, at *2 (W.D. Mo. Aug. 19, 2020) (finding service awards of $5,000 and $10,000 reasonable in FLSA context);

*Hopkins v. Aerocare Home Med. Equip.*, No. 2:19-cv-04054-NKL, 2020 WL 4059739, at *7 (W.D. Mo. July 20, 2020) (finding service awards of $5,000 reasonable in FLSA context). Plaintiff Peterson spent a substantial amount of time and effort assisting counsel and was an active participant in each of the settlement negotiations. (Doc. 90-1 at ¶ 17.) In exchange for the service payment, Plaintiff Peterson has also agreed to a general, mutual release of all claims against Defendant, a non-disparagement clause, and a no-rehire clause. (*Id.*) These concessions are above and beyond those of the unnamed plaintiffs and further support the fairness of the service award.

## Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** as follows:

1. Plaintiff Danielle Peterson's unopposed "Motion for Approval of Settlement," (Doc. 89), is **GRANTED**.
2. The Settlement Agreement, (Doc. 92 at 2-19), and form of the Notice to Opt-In Plaintiffs, (Doc. 92 at 23), are **APPROVED**.
3. This Court specifically retains jurisdiction to accept the filing of any Notice of Opt-Outs and to enforce the terms of the settlement agreement.
4. This case is **DISMISSED with prejudice**, in accordance with the terms of the settlement agreement.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 10, 2025